evidence could change this fact, and it would be useless to send the case back for another trial.

The order appealed from will therefore be affirmed in so far as it set aside the verdict, and the complaint dismissed, with costs to the respondent in this court and the court below.   All concur.

HAVANA CENT. R. CO. v. KNICKERBOCKER TRUST CO.

(Supreme Court, Appellate Division, First Department.   December 10, 1909.)

1. TRUSTS (§ 356*)—MISAPPROPRIATION—RECOVERY.

Where a person holding money or property in a fiduciary capacity pays or transfers it to a third person, with notice of his relation to it, for a purpose foreign to the trust, the third person cannot hold the property or money as against the true owner.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 529–538;  Dec. Dig. § 356.*]

2. TRUSTS (§ 359*)—ENFORCEMENT AGAINST TRANSFEREE—FORM OF ACTION.

An action for money received will lie in favor of the true owner of money held in trust and transferred by the trustee to defendant for a purpose foreign to the trust with notice.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 554;  Dec. Dig. § 359.*]

3. BANKS AND BANKING (§ 130*)—TRUST DEPOSITS—MISAPPROPRIATION—NO-TICE.

Plaintiff corporation had a deposit account with the C. Trust Company subject to checks signed by V. as its treasurer.  Between April 21, 1906, and June 15th following, V., as treasurer, drew three checks against an account payable to the order of another or himself, and signed with plaintiff's name by V. as treasurer, amounting in all to plaintiff's total deposit. These checks V. indorsed in blank and deposited them with defendant to the credit of his individual account.  Defendant presented the checks to the drawee, received the proceeds, and credited them to V.'s account, which it later permitted him to withdraw.  The trust company charged the checks against plaintiff's account, and closed it.  *Held*, that such checks were notice to defendant that plaintiff's treasurer was drawing its money for his individual benefit, and defendant, having received the money from the drawee bank, received it to plaintiff's use, and was liable to plaintiff therefor.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 325;  Dec. Dig. § 130.*]

Scott and McLaughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by the Havana Central Railroad Company against the Knickerbocker Trust Company.   From a judgment overruling a demurrer to the complaint for want of facts, defendant appeals.   Affirmed.

Argued before PATTERSON, P. J., INGRAHAM, McLAUGHLIN, LAUGHLIN, and SCOTT, JJ.

Herbert Barry, for appellant.

George B. Covington, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

INGRAHAM, J. The complaint alleges that the plaintiff is a foreign corporation and the defendant a trust company organized under the laws of the state of New York and doing business in the city of New York; that prior to February, 1906, one Van Voorhis was the treasurer of the plaintiff corporation; that prior to the 23d of February, 1906, an account was opened by the plaintiff corporation with the Central Trust Company of New York under an arrangement by which the checks drawn upon such account were to be signed by Van Voorhis as treasurer of the plaintiff corporation; that between the 21st of April, 1906, and the 15th of June, 1906, Van Voorhis drew three checks upon the deposit account of the plaintiff corporation with the Central Trust Company payable to the order of "W. M. Greenwood or C. W. Van Voorhis," signed "Havana Central Railroad Company, C. W. Van Voorhis, Treasurer," aggregating over $59,000; that at the same time Van Voorhis, the treasurer of the plaintiff corporation, had an individual deposit account with the defendant upon which he drew checks signed by himself individually; that Van Voorhis indorsed these three checks in blank, and deposited them with the defendant trust company to the credit of his individual account, and the checks were presented to the Central Trust Company by the defendant, and duly paid, and the proceeds thereof received by the defendant; that the Central Trust Company charged these checks against the plaintiff's deposit account; that subsequently the defendant permitted the said Van Voorhis to draw upon his said account to which these checks were credited until the 17th of July, 1906, when the account was closed by the presentation to and payment by the defendant to the said Van Voorhis of checks to the full amount appearing to his credit, which included the amount that the defendant had received from the Central Trust Company on account of these checks. The complaint then alleges that the said Van Voorhis deposited the said checks and each of them in his bank account with the defendant, and used the said checks and the proceeds thereof for his own uses and purposes without any right or authority so to do, and that the said checks and each of them were without any consideration whatever moving from said Van Voorhis to the plaintiff herein; that said Van Voorhis had no right or authority to draw upon the said account of the plaintiff or to use its funds except for the purposes of plaintiff's business, and that plaintiff was not at any of the times mentioned indebted to Van Voorhis in any sum whatever; that notice or inquiry by the defendant to and of the plaintiff would have revealed and disclosed these facts, and further revealed that said Van Voorhis by drawing the said checks and each of them, and depositing them in his individual account with the defendant, was wrongfully misappropriating and converting the money of the plaintiff to his own use; that he was guilty of such misappropriation and conversion both in offering said checks for deposit with the defendant and in thereafter drawing from his aforesaid account the proceeds of the said checks, and appropriating the proceeds to his own use; that the defendant did not at any time make any inquiry of the plaintiff or any one else concerning the said checks or the transactions had therewith, and did not at any time give notice to the plaintiff concerning the said

checks or their offer for deposit with the defendant by Van Voorhis or any of the transactions relating in any wise thereto or had therewith.

Defendant by the demurrer concedes that Van Voorhis, the plaintiff's treasurer, having power to sign checks upon plaintiff's deposit account with its bank, signed checks in the name of the plaintiff to his own order without authority and deposited these checks with the defendant to his own individual account; that the defendant received these checks for the defaulting treasurer's individual account, collected the proceeds thereof and placed the same to the defaulting treasurer's individual credit, and subsequently paid out on Van Voorhis' the amount of such deposits. It had been for many years established in this state that, if a person holding money or property in a fiduciary capacity pays or transfers such money or property to a third party with notice of his relation to it for a purpose foreign to the trust, such third party cannot hold such money or property as against the true owner, and that, in the case of money, an action for money had and received will lie in favor of the true owner against the person who has received it with notice of its real ownership. If the defendant had knowledge that, by drawing these checks, Van Voorhis was misappropriating the corporation's money without its consent, and that the use to which Van Voorhis was putting the money was not the corporate uses, an action would lie.

We therefore come down to the question as to whether this defendant received this money with notice of the fact that it was being misapplied or misappropriated by Van Voorhis to his own use. Van Voorhis took to the defendant for deposit to his individual credit checks drawn in the name of the plaintiff by Van Voorhis as its treasurer to Van Voorhis' own order, and offered those checks to the defendant for deposit to his (Van Voorhis') individual account. On its face this is clearly a transaction by which Van Voorhis was abstracting money from the treasury of the company to be credited to his individual account with the defendant. Certainly any bank officer looking at this check would see that Van Voorhis had drawn or was attempting to draw from the plaintiff's deposit account the sum of money there named to be paid to his own order. A person with a claim against the plaintiff corporation receiving such a check would necessarily have notice that the corporation was paying its debt with its own check. A person having an individual claim against Van Voorhis, and receiving in payment such a check to pay Van Voorhis' individual debt, would clearly have notice that Van Voorhis was using the funds of the plaintiff to pay an individual debt for which the plaintiff was not responsible. In this case Van Voorhis went to the bank, presented the check drawn by the plaintiff, acting through himself as treasurer, payable to his own order, and, indorsing it, deposited it with the defendant, which defendant accepted and received the proceeds. By that transaction the defendant became the owner of the check and its proceeds, and became personally indebted to Van Voorhis individually for the amount of the check. The effect of this transaction of which the defendant must be chargeable with notice was that the plaintiff's money had been taken from its possession and control and transferred to the defendant cor-

poration, who, in return for the payment of that money to it, had become indebted to Van Voorhis individually for the amount that it received. This, it seems to me, placed the defendant in the same condition as if Van Voorhis had actually used the check or its proceeds to pay all individual indebtedness to the defendant with notice to the defendant of the actual ownership of the money or check used for that purpose. When this defendant received from Van Voorhis these checks and gave Van Voorhis credit for them, it became the owner of the checks or their proceeds. When or under what circumstances it discharged its indebtedness to Van Voorhis which arose upon the receipt of these checks on deposit to Van Voorhis' personal account would seem to be immaterial. What the defendant did was to accept the ·checks on deposit, and thereby became indebted to Van Voorhis in their amount. Clearly, if the bank had actual notice of the fact that Van Voorhis was misappropriating the plaintiff's money, and that the transaction was thus fraudulent and unauthorized as to plaintiff, the defendant would have been liable to the plaintiff for the amount of money that it had received. And we get back, therefore, to the question as to whether the transaction, as it stood, was notice to the defendant that Van Voorhis was misappropriating the plaintiff's money when he drew in the name of the plaintiff the checks upon the plaintiff's deposit account payable to his own order. The delivery of these checks to the defendant gave them notice of the fact that the check was the check of the plaintiff corporation, that it was drawn by Van Voorhis as its treasurer, that it was drawn to the order of Van Voorhis individually, and that Van Voorhis requested the bank to collect those checks and to become indebted to him individually for their amount. It is quite clear that the defendant could not shut its eyes to the transaction and because of the great number of checks presented or the great mass of its business or the number of its depositors refuse to see what any one receiving a check and noticing its form must see. A bank or an individual is charged with notice of any fact which appears upon the face of a transaction, and which a person exercising ordinary intelligence and having ordinary knowledge of financial affairs would appreciate and understand. It is the conceded law of this state that a check drawn upon a trust fund by a trustee or a check drawn to the order of a trustee is notice to a person taking it of the fact that the fund upon which the check is drawn or the check itself is the property of the trust, and not the personal property of the individual trustee. Robinson v. Chemical Nat. Bank, 86 N. Y. 404; Gerard v. McCormick, 130 N. Y. 261, 29 N. E. 115, 14 L. R. A. 234; Ward v. City Trust Company, 192 N. Y. 61, 84 N. E. 585.

In Gerard v. McCormick, supra, the plaintiffs owned a building in Wall street known as the "Glass Buildings." One Boswell was the agent, having authority to receive and deposit the rent for the buildings and to draw on that account sums due for repairs, insurance, taxes, interest on incumbrances, his own commissions, and for the usual expenses of such buildings, and then to divide by checks on the account the remainder among the plaintiffs according to their respective interests. The checks were signed by "William Boswell, Agt. Glass

Buildings." Boswell used a check thus drawn to pay an individual indebtedness due to the defendant. Upon plaintiff's discovering this misappropriation, an action was commenced to recover the amount of the check from the defendant, and a judgment in plaintiffs' favor was sustained by the Court of Appeals. In deciding that case the court said:

"The evidence was abundant to authorize the jury to find that the amount standing to the credit of 'William Boswell, Agt. Glass Buildings,' in the Corn Exchange Bank belonged to the plaintiffs, and that by means of the check the sum represented by it was, by the fraud of Boswell, withdrawn from the account and paid to and received by the defendant."

The facts that the account upon which the checks in this action were drawn belonged to the plaintiff, that Van Voorhis by drawing the checks and depositing them to his own credit misappropriated the plaintiff's money, and that the checks were drawn without authority are alleged in the complaint and admitted by the answer. So that we have the same facts presented in both cases. And the court then in the Gerard Case, supra, continued:

"The remaining question is whether the evidence authorized the court to submit to the jury the question of good faith, or was sufficient to authorize the jury to find that the defendant had notice that the check was drawn against an account not owned by Boswell."

⁰ And, after calling attention to the fact that there was nothing in the case which tends to raise any question about defendant's personal good faith except that he received a check from Boswell in payment of his individual debt signed "William Boswell, Agt. Glass Buildings," without inquiry as to the right of Boswell to so use the fund, the court said that the question presented was "whether the form of the check was sufficient to put the defendant upon inquiry as to the authority of Boswell to use the money in payment of his debt." And, after a review of the authorities, it was held that the form of the signature to the check was sufficient to put the payee on inquiry as to the right of the agent to pay his personal debt out of the fund, and that, if a person having notice that money or property is held by another in a fiduciary capacity receives it without inquiry from the agent in satisfaction of his personal debt, the sum or property so received may be recovered by the true owner unless the agent was authorized to so dispose of it. We have in the case at bar all the facts presented in the Gerard Case upon which a recovery was sustained; the only difference being that in one case the check was received in payment of an individual debt, and in the other case was received as the consideration for the defendant assuming a personal obligation to the agent individually. It is upon this latter distinction that the defendant claims that it is relieved from liability. But it seems to me that this distinction has no real bearing upon the question as to the liability of the defendant. The defendant received the check drawn by plaintiff's treasurer on plaintiff's bank account payable to the plaintiff's treasurer individually and received the money. The receipt of this check was notice to the defendant of those facts. And thus, when this defendant received the money chargeable with notice of the fact that this money was the plaintiff's money, con-

cededly this defendant could not apply that money so received to the payment of a debt which Van Voorhis individually owed to the defendant so as to relieve the defendant from liability to the plaintiff for its money that defendant had received. It must be conceded that, while that money remained on deposit to the account of the treasurer individually with the defendant, the plaintiff could have maintained this action to recover the amount. It was money held by the defendant which belonged to the plaintiff, and of which fact the defendant had knowledge. Was the defendant discharged from this liability because it had paid Van Voorhis' individual checks upon it with plaintiff's money? It would not have been justified in paying the money out to discharge the individual debts of plaintiff's treasurer, although the plaintiff's treasurer had so ordered. It is not alleged or claimed that the money was paid for the benefit of or for the account of the plaintiff. The allegation, which is admitted, is that this treasurer having thus placed with the defendant bank a sum of money which belonged to the plaintiff, of which fact the defendant was chargeable, with knowledge ordered the defendant to pay it out to third persons by his individual check and for his own benefit. It seems to me clear that such a payment did not discharge the obligation of the defendant to repay to the plaintiff its money that the defendant had received, and that, therefore, a cause of action is alleged. This whole subject has been extensively reviewed by the Court of Appeals in the case of Ward v. City Trust Company, supra, and further discussion would seem quite unnecessary.

We are met in this case by an appeal to protect the financial institutions of this city from the liability that will be imposed upon them by charging them with notice of the form of all checks received on deposit. But, if an exception is to be made in favor of large institutions because of the impracticability of examining all checks presented to them, it must be made by either the Legislature or the court of last resort, as this court has merely to administer the law as it finds it.

It follows, therefore, that the judgment appealed from must be affirmed, with costs, with leave to the defendant to withdraw the demurrer within 20 days and answer on payment of costs.

PATTERSON, P. J., and LAUGHLIN, J., concur.

SCOTT, J. I dissent. The judgment appealed from seems to me to extend the responsibility of persons dealing with trustees, not only beyond anything that has yet been judicially decided, but also beyond practicable limits. Of course, there can be no doubt that if the defendant had received the checks in payment of an obligation due to it from Van Voorhis, whether by reason of overdraft or otherwise, it would have been chargeable from the form of the checks, with notice that Van Voorhis was using plaintiff's money to pay his individual obligations, and was thus misappropriating plaintiff's funds. Ward v. City Trust Co., 192 N. Y. 61, 84 N. E. 585. In such a case the misappropriation would have been complete when the money was paid over,

and the mere fact of its use for that purpose would establish the fact of its misappropriation. This case, however, is very different. There were two distinct periods at which defendant acted: First, when it received the checks on deposit; and, second, when it paid out the money on Van Voorhis' drafts. The form of the checks which Van Voorhis deposited undoubtedly served to give notice to defendant that Van Voorhis was plaintiff's treasurer, and that he was depositing plaintiff's money to the credit of his personal account. This, however, did not amount to notice of diversion or misappropriation, for there is no rule of law compelling the treasurer of a corporation to deposit the funds committed to his charge in any particular way. The plaintiff had intrusted its money to its treasurer, as an individual, not to any particular bank account, and the deposit with defendant did not operate to take the funds out of the custody of the treasurer, but to leave them there. I am quite unable to see that the acceptance of the checks as a deposit to the credit of the very person who was presumptively entitled to the custody of the fund was equivalent to acquiescence in a diversion because in point of fact, so long as the money remained in Van Voorhis' custody, it was not diverted, but was in the custody of plaintiff's treasurer, where it ought to be. When we come to the paying out of the money, it seems to me that it is equally difficult to hold defendant. The utmost notice with which defendant was chargeable by reason of the form of the deposit was that Van Voorhis, plaintiff's treasurer, had deposited plaintiff's money in his own name. That is to say, it had notice that the account standing in the name of Van Voorhis, as an individual, was in fact the account of Van Voorhis as treasurer. If it had been such in form, the defendant would have subjected itself to no liability in paying out the money upon Van Voorhis' check, and would have been under no obligation to inquire to whom or for what purpose it was being paid out. The rule of liability sought to be fastened upon defendant, who bore no contractual obligation to the plaintiff, is much more stringent than could be applied to plaintiff's depository bank, for Van Voorhis might have drawn the money in cash without imposing any legal obligation of inquiry upon the depository bank, or could without necessarily awakening suspicion have drawn checks to the order of any one, except himself, even to pay his individual debts. The defendant was a mere conduit through which the money passed, and the judgment below in my opinion holds it to a quite unreasonable responsibility, and one which finds no direct support in any case to which our attention has been called. In all of those relied upon by plaintiff there have been present the important fact, which is absent here, that the bank or individual to whom the diverted money was paid received it in payment of a debt or in some other way reaped a benefit from the payment. When that fact is absent, a different rule has heretofore been applied. Gray v. Johnson (1868) L. R. 3 H. L. 1; Coleman v. Bucks & Oxen Union Bank (1897) 2 Ch. Div. 243; Shields v. Bank of Ireland (1901) 1 Irish Rep. 222; Ashton v. Prest., etc., Atlantic Bank, 3 Allen (Mass.) 217; Batchelder v. Cent. Nat. Bank, 188 Mass. 25, 73 N. E. 1024; Safe Deposit & Trust Co. v. Diamond Nat. Bank, 194 Pa. 334, 44 Atl. 1064; Rhine-

hart v. New Madrid Banking Co., 99 Mo. App. 381, 73 S. W. 315; Martin v. Kansas Nat. Bank, 66 Kan. 655, 72 Pac. 218.

The judgment should be reversed.

McLAUGHLIN, J., concurs.