## PARKS v. KNICKERBOCKER TRUST CO.

(Supreme Court, Appellate Division, First Department. April 15, 1910.)

1. ASSOCIATIONS (§§ 15, 25*) — FUNDS OF ASSOCIATIONS — TITLE THERETO — RIGHTS OF MEMBERS.

   Both before and after dissolution of a voluntary association, funds thereof, represented by certificates of deposit, belong to its members, after payment of its debts.

   [Ed. Note.—For other cases, see Associations, Cent. Dig. §§ 19–25; Dec. Dig. §§ 15, 25.*]

2. PLEADING (§ 34*)—CONSTRUCTION ON DEMURRER.

   Pleadings, when demurred to, are to be liberally construed.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 66–75, 555; Dec. Dig. § 34.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. PLEADING (§ 34*)—CONSTRUCTION ON DEMURRER.**

Construing on demurrer an allegation that moneys were paid to an association on demand of its proper officers and its other members, it must be held to necessarily imply that the same were paid to its members, if the association, prior to such payment, was dissolved.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 34.*]

**4. PLEADING (§ 214*)—ADMISSIONS BY DEMURRER.**

A demurrer to a pleading admits facts pleaded therein.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

**5. BANKS AND BANKING (§ 131*)—DEPOSITS—SUIT ON CERTIFICATE—DEFENSE.**

Though money is deposited and the certificate is issued in the name of another than the lawful owner, payment to the lawful owner is a good defense to a suit on the certificate.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 131.*]

**6. BANKS AND BANKING (§ 130*)—CERTIFICATES OF DEPOSITS—PAYMENT—NOTICE OF OWNERSHIP.**

The word "treasurer," immediately following the name of the depositor in a certificate, is, in connection with a direction that in case of his death or disability the moneys represented by it should be payable to three specified officers of an association, sufficient notice that the deposit did not belong to the depositor personally, and, when he endeavored to thus use it, justified refusal to pay, or, at least, put the obligor on inquiry as to his authority.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § .130.*]

**7. BANKS AND BANKING (§ 130*)—DEPOSIT IN REPRESENTATIVE CAPACITY—PAYMENT.**

A bank or trust company receiving a deposit from one acting in a representative capacity cannot justify a payment to him, if it knows, or facts are presented which, if acted on, would disclose, that the fund is about to be wrongfully and unlawfully diverted from the true owner.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 130.*]

**8. BANKS AND BANKING (§ 119*)—RELATION BETWEEN BANK AND DEPOSITOR.**

The relation between a bank and a depositor is one of debtor and creditor.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 289–292; Dec. Dig. § 119.*]

**9. BANKS AND BANKING (§ 131*)—PAYMENT OF DEPOSIT—AVOIDANCE THEREOF.**

A bank cannot escape payment by alleging title to a deposit to be in a third person.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 318; Dec. Dig. § 131.*]

Appeal from Special Term, New York County.

Action by John H. Parks against the Knickerbocker Trust Company. From an interlocutory judgment overruling a demurrer to certain defenses, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Francis S. Hutchins, for appellant.
Louis F. Doyle, for respondent.

McLAUGHLIN, J. Action upon four certificates of deposit, each set forth as a separate cause of action, issued by the defendant to the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff, payment of which has been demanded and refused. The answer sets up the same defense to each cause of action, and the plaintiff demurs separately to each so-called second and separate defense, upon the ground that it is insufficient in law upon the face thereof. The appeal is from an interlocutory judgment overruling the demurrer.

The defenses demurred to allege that the plaintiff, at the time the certificates in question were issued, was employed as treasurer by a voluntary association of several corporations; that by the terms of the employment the plaintiff's authority as treasurer might be revoked and terminated at any time upon giving him three months' notice; that in October, 1907, the association gave him notice that it would be dissolved and his authority as treasurer terminated on February 1, 1908; that prior to that time there had come into plaintiff's hands as treasurer certain moneys of the association, which he continued to hold after February 1, 1908, as the property of the association, no demand having been made upon him for payment of the same; that on the 27th of March, 1908, acting as treasurer of the association, he deposited these moneys with the defendant, receiving the certificates of deposit in question, payable to the order of "J. H. Parks, Treasurer"; that each certificate "was issued to and held by the plaintiff solely as treasurer of said Sulphite Association and as its property"; that when he made the deposit he notified the defendant that in case of his death or disability the amounts represented by the certificates should be payable to the order of three specified officers of the association; that thereafter the association, through these, "its proper officers * * * and its other members," demanded payment of the sums represented by the respective certificates; and that on the 13th of August, 1908, the defendant paid over these sums "to the said Sulphite Association which was and is the lawful owner thereof."

The facts in connection with the dissolution of the association and the termination of plaintiff's employment as treasurer are not clearly set forth, by reason of which it is urged that the defense attempted to be pleaded is unavailing, since the association was dissolved on the 1st of February, 1908; the contention being that the defendant could not, after the dissolution of the association, pay over the moneys in question to it. It does not, however, appear from the answer that the association was, in fact, dissolved on that date. All that appears is that the plaintiff was given notice that it would be dissolved, and whether the dissolution took place as stated in the notice nowhere appears. But if so, the answer is not subject to the criticism made upon it in this respect. The funds represented by the certificates belonged, after the payment of the debts of the association, to its members, both before and after dissolution. Pleadings, when demurred to, are to be liberally construed, and the allegation that the moneys were paid to the association upon demand of its proper officers and its other members necessarily implies that the same were paid to the members of the association, if the association had, prior to such payment, been dissolved in such a way as to permit payment to be thus made. The plaintiff, by demurring, of course admits that the moneys represented by the

certificates belonged to the association and not to him personally. The demurrer also admits that the defendant has paid the same to the association or its members, the lawful owner. Although the money was deposited by him and the certificates issued in his name, the fact that payment has been actually made to the lawful owner is a good defense. Viets v. Union National Bank of Troy, 101 N. Y. 563, 5 N. E. 457, 54 Am. Rep. 743; Van Alen v. American National Bank, 52 N. Y. 1. The defendant could not legally, under the facts set forth in the answer demurred to, have paid to the plaintiff the amount called for by the certificates. The word "treasurer" immediately following plaintiff's name in each certificate is, of itself, significant, and, when read in connection with the allegation that when the plaintiff made the deposit he directed, in case of his death or disability, that the moneys represented by the certificates should be payable to three specified officers of the association, was sufficient notice that the money deposited did not belong to the plaintiff personally, and, when he endeavored to thus use it, justified the trust company in refusing payment, or at least put it upon inquiry as to his authority. A bank or trust company receiving a deposit from one acting in a representative capacity cannot justify a payment to him of the amount deposited, if it knows, or facts are presented which, if acted upon, would disclose, that the fund is about to be wrongfully and unlawfully diverted from the true owner.

There is no doubt about the general rule, as contended by the appellant, that the relation between a bank and a depositor is one of debtor and creditor, and it cannot escape payment by alleging title to the fund deposited in a third person. The defense here pleaded, in effect, is that the money deposited did not belong to the plaintiff, but to a third party, and the trust company was so informed when the deposit was made, and upon the demand of the real owner, prior to the commencement of this action, the same was paid to him. Had the defendant, after payment had been demanded by the real owner, paid to the plaintiff the amounts called for by the certificates, it would still have been liable to the association or its members. Squire v. Ordemann, 194 N. Y. 394, 87 N. E. 435; Ward v. City Trust Co., 192 N. Y. 61, 84 N. E. 585; Seger v. Farmers' Loan & Trust Co., 187 N. Y. 314, 79 N. E. 977; Hathaway v. County of Delaware, 185 N. Y. 368, 78 N. E. 153, 113 Am. St. Rep. 909; Sims v. U. S. Trust Co., 103 N. Y. 472, 9 N. E. 605; Havana Ry. Co. v. Knickerbocker Tr. Co., 135 App. Div. 313, 119 N. Y. Supp. 1035. If this conclusion be correct, then it necessarily follows, if it has paid the money to the rightful owners, it is a good defense to the plaintiff's claim.

The judgment appealed from, therefore, is affirmed, with costs, with leave to the plaintiff to withdraw the demurrer, upon payment of costs in this court and in the court below. All concur.