UNITED BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYEES AND RAILWAY SHOP LABORERS, W. D. ROBERTS AND DAVID M. ARMOUR,

*vs.*

LEO I. KENNEDY, WILLIAM T. HAINES, C. A. REIGEL, J. T. REDMON, C. L. HAWKINS, J. F. OWEN, F. B. COLLIER, B. D. BALLINGER, A. W. WITKOP, C. B. O'FLANAGAN, W. H. KANE, W. C. WEAVER AND D. C. REDMON.

*New Castle, Jan.* 2, 1922.

An unincorporated association may not file a bill in its association name, though, when the membership is so numerous that to require presence of all members as parties would result in a practical denial of justice, the suit may be conducted by one or more interested in behalf of all.

A bill signed by a complainant by his initials, instead of his full Christian name, is bad on demurrer.

A member in good standing of an unincorporated association of individuals has such an interest in its affairs and finances as entitles him to sue for the wrongful taking and misapplication of money and property of the association.

Where the consitution and by-laws of an unincorporated association recognized the suspension of members, as distinguished from expulsion, and deprived them of the financial benefits for nonpayment of dues, a member, suing for the wrongful taking and misapplication of money and property of the association, should allege and prove that he is a member in good standing; none except members in good standing being in a position to claim the privileges and benefits of the organization.

Upon the filing of an amended bill of complaint in pursuance of the leave heretofore granted the complainants, *ante p.* 93, 115 *Atl.* 585, the defendants demurred thereto, and the case was heard on the amended bill and demurrer. The grounds of demurrer are set forth in the opinion of the Chancellor.

*David J. Reinhardt* and *Alexander Jamison*, for the complainants.
*J. Frank Ball* and *Robert G. Harman*, for the defendants.

THE CHANCELLOR. The complainant, United Brotherhood of Maintenance of Way Employees and Railway Shop Laborers, is an unincorporated association of individuals. The size of its membership is not stated in the bill. It is, however, alleged that

a "large number of employees * * * of the Pennsylvania Railroad Company are members." At the argument, it was stated (though this is not a pleaded fact) that the membership runs up to two hundred thousand.

1. It is objected that an unincorporated association of individuals may not file a bill in its association name. I think that it cannot. Such a body may be made up of numerous individuals who band themselves together for some common purpose, adopt self-imposed rules and regulations which constitute, so to speak, the law for their governance, select officers and committees to attend to their common affairs, and designate themselves in their associated capacity by some common name. To this extent, they may be said to resemble a corporation. But they have no distinct entity as have corporations, and, unlike corporations, may not, therefore, sue in their common and chosen name. It does not follow, however, that suits to assert rights or to redress wrongs claimed for or done against such an association must, in all cases, be conducted in the names of all the individuals composing the association. When the membership is so numerous that to require the presence as parties of every individual composing it would result in a practical denial of justice, the suit may be conducted by one or more of the parties interested in behalf of all. In such case, of course, the draftsman of the bill must take pains to so frame it as to bring its allegations within the applicable precedents.

All that I am now called upon to decide, however, is whether the United Brotherhood, being an unincorporated association of individuals, may sue in its own name. I hold that it cannot. *Story's Equity Pleading*, (*6th Ed.*) *par.* 497; 1 *Daniell's Chancery Practice*, (*4th Ed.*) *p.* 25; *Lloyd v. Loaring*, 6 *Ves. Jr.* 773; *Womersley v. Merritt, L. R.* 4 *Eq. Cas.* 694.

It was further urged at the argument that the bill fails to allege that there was a meeting of the Brotherhood at which action was taken authorizing the bringing of this suit in its behalf. In view of my holding that the Brotherhood cannot sue in its own name, it becomes unnecessary for me to pass upon this contention.

2. Objection is further made that the complainant, Roberts, has not shown (a) that he has any right to any relief

prayed for in said bill, and (b) that he sues, not by his full Christian name, but by his initials as follows: "W. D. Roberts." It is by this name and style that he files the bill, signs and verifies the same.

With respect to (b), that is, the defective name, the objection is well taken. Roberts knows his full name and should sue by it.

With respect to objection (a), my views are, as follows: The amended bill complains that the money and property of the Brotherhood are being wrongfully taken and applied by the defendants, and that the defendants are doing certain other things which are alleged to constitute wrongs against the Brotherhood. Without in any wise passing upon the question of whether the alleged wrongdoing of the defendants constitutes a complaint cognizable in equity, it is apparent upon the face of the bill that Roberts, who is a member in good standing, has such an interest as a member in the affairs and finances of the Brotherhood as entitles him in proper case to attempt to right such wrongs. His bill ought, however, as indicated under 1 (above), be brought within the rules governing suits where unincorporated associations are involved. If there be a proper ground of complaint against the defendants (a question which remains yet to be decided), I am of opinion that Roberts, being a member in good standing, has such right under the constitution and by-laws which are attached to the amended bill, as entitles him to file a bill. But he must do so in the proper way, as indicated.

3. It is further objected, with respect to the complainant Armour (in addition to the same objection that is made to Roberts as to interest in the subject-matter of the suit), that he does not appear by the amended bill to be a member in good standing, the allegation being that he is simply a member. The constitution and by-laws show that a man may be a member of this organization and yet not be a member in good standing. Suspension of members (as distinguished from expulsion) is recognized, and for nonpayment of dues members are deprived of the financial benefits. As I gather from the law of the organization, unless a member is in good standing, he is not in position to claim the privileges and benefits of the organization. I shall not burden this opinion with citations from the constitution and by-laws which seem to me to

justify this statement. Armour ought not only to show by allegation that he is a member, but he should also show that he is a member in good standing.

If the allegation of Armour's membership be perfected, then, on the point that he has no interest in the relief prayed, he stands on the same footing as does Roberts. I need, therefore, say nothing on that point further than what I have already said respecting Roberts.

For the reasons herein stated, the demurrer must be sustained.