William D. Roberts and David M. Armour, members of The United Brotherhood of Maintenance of Way Employes and Railway Shop Laborers, in behalf of themselves and also in behalf of such other members of said Brotherhood as may desire to join as complainants herein,

*vs.*

Leo I. Kennedy, William T. Haines, Clyde A. Riegel, John T. Redmon, Clyde L. Hawkins, James F. Owen, Frank B. Collier, Pearl D. Ballinger, A. W. Witkop, Charles B. O'Flanagan, William H. Kane, William C. Weaver, Sr., Daniel Redmon and Charles H. Mills.

*New Castle, Feb. 21, 1922.*

That complainants, in an amended bill, seek relief as representatives of a class, instead of as individuals, does not constitute the introduction of a new cause of action, where the substance of the complaint remains the same.

An unincorporated association is not an indispensable complainant in a suit by members for an accounting and to enjoin misapplication of its funds and misuse of its property.

. . . A properly designated officer of an unincorporated association may conduct a suit against members, agents and subordinate officers for an accounting, and to enjoin misapplication of its funds and misuse of its property, in the names of himself and other members in behalf of all.

The rule that a stockholder may not sue to redress wrongs against a corporation, unless it refuses to act on request, is inapplicable to suits by members of an unincorporated association, which has no entity of its own and cannot sue.

Under *Chancery Rule* 113, authorizing one or more of a numerous class to sue for all, members of an unincorporated association may not sue in behalf of themselves and such other members "as may desire to join," as the decree would not bind all.

Demurrer to Amended Bill. The bill, as amended, is by two members of United Brotherhood of Maintenance of Way Employes and Railway Shop Laborers, in behalf of themselves and such other members as may desire to join as complainants, against defendants who are alleged to be members of the Brotherhood and also agents and subordinate officers thereof. The bill charges that the defendants, in violation of their duties and obli-

gations, have and are endeavoring by various means to break up the Brotherhood, to wrongfully apply its funds and misuse its property. It prays an accounting and injunction.

The cause came before the Chancellor on an objection to allowing the filing of an amended bill, *ante p.* 93, 115 *Atl.* 585, and again on a demurrer to the amended bill allowed to be filed, *ante p.* 106, 115 *Atl.* 587. The demurrer was sustained. A further amended bill was filed and the cause now comes on to be heard on a demurrer to the further amended bill.

*David J. Reinhardt* and *Alexander Jamison* for the complainant.

*J. Frank Ball* and *Robert G. Harman*, for the defendants.

THE CHANCELLOR. The first ground of demurrer is:

"That the said bill of complaint has introduced an entirely new cause of action for that alleged in said prior amended bill of complaint, in that Roberts and Armour have instituted a class suit in lieu of the suit on behalf of themselves as individuals, as in the prior amended bill."

The fact that the complainants now seek relief as representatives of a class, whereas by their prior bill they sought relief in their individual capacities, the substance of the complaint remaining the same, does not constitute the introduction of a new cause of action. 1 *Daniell's Chancery Practice,* (5th *Am. Ed.*) 234 (star page 245); *Id.* 226 (star page 236), *note; Richamond v. Irons,* 121 *U. S.* 27, 46, 7 *Sup. Ct.* 788, 30 *L. Ed.* 864; *Redmond v. Hoge,* 3 *Hun* (*N. Y.*) 171; *Lloyd v. Loaring,* 6 *Ves.* 773, 31 *Eng. Reprint,* 1302; *Mozley v. Alston,* 1 *Phil.* 790, 799, 41 *Eng. Reprint,* 833, 837.

2. The second ground of demurrer is:

"That said bill of complaint has failed to make the United Brotherhood of Maintenance of Way Employes and Railway Shop Laborers a party respondent in said amended bill of complaint, the said United Brotherhood of Maintenance of Way and Railway Shop Laborers being an indispensable party to said bill of complaint."

In view of the decision heretofore made in this cause upon the demurrer to the prior amended bill, *ante p.* 106, 115 *Atl.* 587, the second ground of demurrer is not tenable.

3. The third ground of demurrer is:

"That said bill of complaint has failed to set out therein, notice of said alleged wrong doing on the part of the said respondents to the said United Brotherhood of Maintenance of Way Employes and Railway Shop Laborers, or the officers thereof, and to request the same to bring suit in its name, or their names, and the refusal so to do on behalf of said United Brotherhood of Maintenance of Way Employes and Railway Shop Laborers, or the proper officers thereof."

This contention is based on the supposed analogy which the case bears to a stockholder's bill wherein it is sought to assert rights belonging to, or to redress wrongs done against, a corporation. In such cases, it is said, before the stockholder will be permitted to sue on behalf of himself and all other stockholders, he must first apply to the corporation through its proper officers and request it to act; if this is done and the officers refuse to act, then, and not until then (except in cases where the circumstances render a request manifestly usless), the general rule is that the stockholder is permitted to sue. Similarly, it is urged, in this case there should have been a prior demand upon the Brotherhood's officers and a refusal, before the members may be permitted to sue.

In answering this contention, it may be observed that one of the complainants, Roberts, is a Grand Vice-President of the Brotherhood, and as such is alleged to have "authority, under the constitution and by-laws of said Brotherhood, to supervise the affairs of said Brotherhood in a certain section of the United States," etc. This section of the United States, the bill shows, embraces the territory where the matters in controversy in this cause have arisen. It may, therefore, be said that the suit is conducted by a properly designated officer competent as such to act for the Brotherhood. In suing for the organization, it is entirely proper for him to institute the suit in the names of himself and other members in behalf of all. See *ante p.* 106, 115 *Atl.* 587.

If, therefore the analogy of the rule applicable in a corporation stockholder's suit is to be applied, it is very doubtful if the conditions calling for the application of the rule exist.

But, aside from this, it is the opinion of the court that the rule referred to can have no analogous application to a case of the kind now before the court. This view is entertained because of the fundamental difference existing between a corporation on the one hand and an unincorporated association of individuals on

the other. The corporation, being an artificial person, has a distinct entity of its own, can hold and possess property, own choses in action, and sue and be sued in its own name. Therefore, when its stockholders undertake to sue in its behalf, they assert rights that are the corporation's and which the corporation is capable of litigating in its own name. Hence, while the stockholders have an interest in the corporation's property, an interest which a court of equity will in proper cases protect, they cannot, in the absence of exceptional circumstances, litigate such interest unless the corporation, through its proper officers, first refuses to do so. The primary right is in the corporation. At law, so inflexible is this view, that in no case, it is said, can an action be maintained for the corporation except in its corporate name. 6 *Fletcher's. Cyc. Corp., par.* 4052. But owing to the fact that equity will look beyond the corporate entity and its legal rights and have regard for the stockholders as the beneficial and equitable owners of its assets, such stockholders may, in case the corporation refuses, invoke the aid of equity in proper cases for their protection. *Id. par.* 4053, and cases cited.

But in such cases it is the right of the corporation that is asserted, a consideration which supplies the rationale of the rule expressed by Pomeroy in his work on *Equity Jurisprudence,* (3d *Ed.) par.* 1095, that:

"The corporation is, therefore, an indispensably necessary party, not simply on the general principle of equity pleading in order that it may be bound by the decree, but in order that the relief, when granted may be awarded to it, as a party to the record, by the decree."

But an unincorporated association of individuals such as is the Brotherhood in this case, has no identity of its own and cannot sue. The property and rights which are said to belong to it, belong in fact to its members. *Smith, et al., v. Swormstedt, et al.,* 16 *How.* 288, 14 *L. Ed.* 942; *Ahlendorf v. Barkous,* 20 *Ind. App.* 656, 50 *N. E.* 887; *Torrey, et al., v. Baker, et al.,* 1 *Allen (Mass.)* 120; *Parks v. Knickerbocker Trust Co.,.* 137 *App. Div.* 719, 122 *N. Y. Supp.* 521; *Branagan v. Buckman,* 67 *Misc. Rep.* 242, 122 *N. Y. Supp.* 610; *In re St. James Club,* 2 *De Gex, M. & G.* 383, 42 *Eng. Reprint,* 920. The interest which a member of such an association has in the common property is therefore in no sense indirect or derivative

as is so with respect to the interest of a stockholder in a corpora-
tion. The members have a direct and primary interest of their
own, which any one may assert in behalf of himself and all others
against an officer charged with wrongfully using the common
property without first applying to the so-called officers of the
organization. If the law of the organization provided that de-
signated officers or members and only those could sue in behalf of
all, a different view might prevail. But there is nothing of this
nature appearing in this case.

The third ground of demurrer is not well taken.

4. The fourth ground of demurrer is:

"That said bill of complaint has been brought in behalf of your orators
and also in behalf of only a portion of the class having a common and general
interest, in place of for the whole class as provided in Rule 113, Court of Chan-
cery."

Rule 113 of this court is as follows:

"When the question raised in a suit is one of common or general interest
to many persons constituting a class so numerous as to make it impracticable
to bring them all before the court, one or more of the class may sue or defend
for the whole class."

This rule is expressive of a principle which through a long
line of adjudicated cases has become well established in the equity
procedure of courts both in this country and in England. The
rule is general in its terms, and is to be interpreted, I take it, in
the light of those considerations which courts of equity have paid
heed to in their development of the principle which underlies
it. Cases may, therefore, arise which would seem to fall within the
literal scope of its general language, but which, because of certain
peculiar features, may not be embraced within its operation.

The instant case is not, however, of this latter class.

In this case, the bill is filed by two members of the Brother-
hood "in behalf of themselves as members of said Brotherhood
and also in behalf of such other members of said Brotherhood as
may desire to join as complainants herein." The demurrants con-
tend that this statement of parties is not sufficient to meet the
requirements of the rule. They contend that under this allegation
only those members who actually desire to join as complainants
can be said to be parties, that all who do not so desire to join can-

not be regarded as parties before the court and that the bill, therefore, is in behalf of only a portion of the class and not of the whole class.

The rule which permits a few to sue on behalf of all, is grounded on the theory that to require them all to be actually before the court would result in a denial of all relief, because of the impossibility of getting them all in, or because, if they could be brought in, continual abatements might occasion great difficulty, if not an impossibility, in proceeding. Hence in cases where the rule is applicable, a few are allowed to proceed as fairly representing all. *Story's Equity Pleading,* (10th Ed.) *par.* 107, *et seq.*

The right set up in the pending bill is a right common to all the members of the Brotherhood. Being such, they have a community of interest in the subject-matter. The property with which the defendants are charged with wrongfully dealing is the property of all the members. The membership embraces two hundred thousand persons. The case is, therefore, peculiarly one where a few may fairly represent the interest of all, and where Rule 113 of this court is very appropriately applicable.

To allow the defendants to be subjected to as many suits as there are members would be shocking to all sense of justice. The defendants are entitled to be protected from the possibility of a great multiplicity of suits growing out of the transactions complained of. If less than all the members are parties, either by their individual names or in a represented capacity, a decree in this cause would supply no rest to the defendants. By requiring the complainants to sue in behalf not alone of themselves, but as well in behalf of *all*, would supply the rights of the members with an opportunity to be determined, and at the same time assure to the defendants relief from the possible harassment of repeated litigation. For in such cases as this, if the suit is in behalf of all, a decree is binding on all. *Smith, and others, v. Swormstedt, and others, supra; Wallace v. Adams*, 204 *U. S.* 415, 425, 27 *Sup. Ct.* 363, 51 *L. Ed.* 547; *Leviness v. Consolidated Gas Co.*, 114 *Md.* 559, 80 *Atl.* 304, *Ann. Cas.* 1913C, 649; *Hale v. Hale*, 146 *Ill.* 227, 257, 33 *N. E.* 858, 20 *L. R. A.* 247; *Barker v. Walters*, 8 *Beav.* 92, 50 *Eng. Reprint*, 36; *Mozeley v. Alston, supra; Story's Equity Pleading,* (10th Ed.) *par.* 120.

In the pending bill, the complainants do not sue in behalf of themselves and all the other members, excepting the defendants. They sue only in behalf of those who choose to come in and join them as complainants. This makes the case no better than if those, if any, who may choose to come in later, had in the first instance joined their names as parties complainants. In such case it would have been a suit by a few for themselves alone.

Suppose a decree were entered for the defendants, the bill remaining as it is, could such decree bar another bill by some other member who had never chosen to join as complainant in the present bill? I think not. If the plaintiffs are to be allowed to proceed with their bill without naming all the individual members of the Brotherhood as parties, they must so allege their purpose as to make their bill unmistakably show that they sue as representatives of the whole class whose interest is common with their own.

The fourth ground of demurrer is, therefore, well taken.

Let an order be entered in accordance with this opinion.