William D. Roberts and David M. Armour, members of The United Brotherhood of Maintenance of Way Employes and Railway Shop Laborers, in behalf of themselves and also in behalf of such other members of said Brotherhood as may desire to join as complainants herein,

*vs.*

Leo I. Kennedy, William T. Haines, Clyde A. Riegel, John T. Redmon, Clyde L. Hawkins, James F. Owen, Frank B. Collier, Pearl D. Ballinger, A. W. Witkop, Charles B. O'Flanagan, William H. Kane, William C. Weaver, Sr., Daniel Redmon and Charles H. Mills.

*New Castle, June* 23, 1924.

Where, on answer filed in class suit, case was referred to an examiner for taking testimony, and, on hearing by Chancellor of petition to intervene, resisted on ground that neither individual instituting class suit had right to do so, it appeared that testimony relating to that point had already been adduced before examiner, who had not concluded taking of evidence, *held* that issue would not be considered until such testimony came before court in proper way.

On hearing petition for leave to intervene in class bill, submitted on ground petitioners were members in good standing of the organization whose affairs were sought to be litigated, evidence in affidavit form *held* sufficient to justify order allowing intervention.

Petitioners, desiring to intervene as members of a class in whose behalf a suit was filed, *held* not required to pay all costs to date before being permitted to intervene.

PETITION FOR LEAVE TO INTERVENE, filed by Max Fickert, of Terre Haute, Ind., and Joseph Greek, of Carnegie, Pa., the former claiming to be a member in good standing of Subordinate or Local Lodge No. 785 of The United Brotherhood of Maintenance of Way Employes and. Railway Shop Laborers, and the latter claiming to be a member in good standing of Subordinate or Local Lodge No. 690 of that organization.

*David J. Reinhardt*, for the petitioners.

*J. Frank Ball* and *Robert G. Harman*, for the defendants.

THE CHANCELLOR. The petitions for leave to intervene are resisted by the defendants on two grounds—first, because neither Armour nor Roberts, the two individuals who instituted the suit, ever had an interest in the subject-matter thereof, and therefore never had a right to bring the suit; and, second, that the petitioners are not, as claimed by them, members in good standing of the organization whose affairs are sought to be litigated. These are the two fundamental grounds which underlie the various points made by the defendants.

First. The bill is a class bill. 13 *Del. Ch.* 133, 116 *Atl.* 253. An answer was filed and the cause referred to an examiner for the taking of testimony. The examiner has not yet made his return. From the statements made by the solicitors at the argument on the pending petitions it appears that the complainants have not yet concluded the taking of their evidence before the examiner. The question of whether Armour and Roberts, or either of them, ever were members of the United Brotherhood, and therefore competent to file the bill, is one on which testimony has already been adduced before the examiner. It appears to be one of the controverted points in the case. That testimony is not now before me. Until it comes before me in one of the appropriate ways designated in the rules of this court, it is manifest that I cannot consider it in determining what disposition to make of the pending petitions.

The original right of Armour and Roberts to file the bill

cannot therefore be passed on at this time. This being so, the first ground relied on in opposition to the petition cannot now be considered. If it be true, as contended for by the defendants, that as a matter of law there can be no intervention in a class bill originally filed by persons who are not members of the class, they may avail themselves of the point at a later and more appropriate stage of the case, provided, of course, the evidence ultimately shows that neither Armour nor Roberts was a member of the class in whose behalf they filed the bill.

Second. Do the petitioners show themselves to be members in good standing? Their sworn petitions, supported by affidavits, state that they are. The only important fact appearing in the affidavits filed by the defendants in opposition to this statement is that the petitioners are not now employes of the Pennsylvania Railroad. Against this fact is the affidavit of the Grand President of the United Brotherhood to the effect that, if a member in good standing ceases to be employed by a railroad, his membership is nevertheless continued so long as he complies with the law of the organization. In this state of the matter, I think enough is shown at the present stage to entitle the petitioners to intervene. Granting the leave, however, will be with the reservation that their right to be regarded as interested parties will not be concluded against the defendants. If on final hearing it should appear that the petitioners have no litigable interest in the subject-matter of the suit, the bill will receive no aid from the granting of the present motion. Enough is shown for the present to justify an order allowing them to assert their claims.

Questions were discussed at the argument having to do with abatement of suits in equity and the procedure to be taken in consequence thereof. The view I take of the present petitions makes it unnecessary for me to discuss such questions.

The defendants urge that, if leave to intervene be granted, the interveners ought to be required as a condition that they pay all costs to date. *Wilmington v. Addicks, et al.,* 8 *Del. Ch.* 310, 43 *Atl.* 297, is cited in support of this contention. That case, however, is not a precedent in a suit of this character. To exact from them such terms would be unjustified. This case presents a class bill filed by the complainants in behalf of themselves and all others

similarly situated.   I am aware of no instance where an interven-
ing member of the class in whose behalf a suit has been instituted
has been required to pay all costs to date before being permitted to
intervene.

Let an order be prepared in accordance herewith.