HENRY W. STRASBURGER, ET AL., Plaintiffs, v. MARS, INCORPORATED, Defendant.

(*August* 7, 1951.)

TERRY, J., sitting.

*Edwin D. Steel, Jr.,* (of the firm of Morris, Steel, Nichols and Arsht) for the plaintiffs.

*William S. Potter* and *James L. Latchum* (of the firm of Berl, Potter and Anderson) for the defendant.

Superior Court for New Castle County, No. 236, Civil Action, 1951.

TERRY, J.:

This is an action brought by Harry W. Strasburger, *et al.*, plaintiffs, against Mars, Incorporated, defendant, for attorneys fees in the amount of $64,500, alleged to be due the plaintiffs from the defendant for services rendered by plaintiffs during the period 1943-1949 in the collection for defendant, under *Section 722* of the *Internal Revenue Code*, 26 *U. S. C. A.* § 722, of a tax refund in the approximate amount of $200,000.

The complaint contains two counts: The first count is based upon a special contract to pay the amount sued for; the second count is based upon an implied promise to pay for services rendered.

The defendant in its answer has generally denied all of the essential allegations of the complaint, and, in addition thereto, has set forth a counterclaim in which the defendant alleges that plaintiffs are liable to it in the amount of $151,304.75 representing legal fees paid by defendant to plaintiffs during the year 1946 and the first six months of 1947. It is alleged that these payments were made by defendant as a result of deception which plaintiffs practiced upon defendant, the details of which are hereinafter set forth.

The plaintiffs have moved to dismiss the counterclaim for noncompliance with Rule 9(b) of this Court, which requires a cause of action based upon fraud to be alleged with particularity.

The question to be determined is: Do the allegations of misrepresentation and concealment as contained in defendant's counterclaim meet the requirements of Rule 9(b).

"Rule 9(b) Fraud * * *. In all averments of fraud * * * the circumstances constituting fraud * * * shall be stated with particularity. * * * "

The pertinent allegations of the counterclaim are as follows:

"Prior to March 10, 1943 upon the recommendation of one of its then employees who was a client of the plaintiff, Claude R. Miller, the said plaintiffs became and were the attorneys for the defendant and the relationship of attorney and client existed between the said plaintiffs and the defendant during all of the time hereafter referred to.

"The said employee of the defendant upon whose recommendations plaintiffs had become the attorneys for the defendant continued in the employ of the defendant until September of 1949 and shortly thereafter the plaintiffs ceased to act as the attorneys for the defendant.

"At all of the times during which the plaintiffs were acting as the attorneys for the defendant, the defendant reposed special confidence and trust in said plaintiffs by reason of the relationship of attorney and client existing between them. In the year 1946 and during the first six months of 1947 the plaintiffs, knowing of the special confidence and trust reposed in them, submitted to the defendant long complex statements for their services ostensibly rendered to the defendant by the plaintiffs knowing that such statements would not be submitted to the Board of Directors of the defendant and knowing that such statements would be paid without question. During the years above mentioned, the defendant paid various statements submitted by the plaintiffs aggregating the following amounts in each of the following years:

| | |
|---|---|
| 1946 | $106,102.95 |
| First six mos. 1947 | 45,201.80 |

"Within the past few months, the defendant has learned for the first time that the plaintiffs, during the years 1946 and 1947, billed the defendant for alleged services which in fact were not performed for the defendant. The statements of the plaintiffs were so worded as to conceal the true nature of numerous items for which they charged the defendant and by reason thereof the defendant was misled into paying the same which it would not have paid except for the plaintiff's misrepresentations and concealments.

"By reason of the fiduciary relationship existing between the plaintiffs and defendant and the plaintiffs' misrepresentations and concealment, the defendant has paid to the plaintiffs the sum of One Hundred Fifty-one Thousand Three Hundred Four Dollars and Seventy-five Cents ($151,304.75) which it is entitled to recover from the said plaintiffs.

"At all of the times during which plaintiffs were acting as the attorneys for defendant, they acted through the plaintiff Miller. Defendant does not know to what extent, if any, the remaining plaintiffs had actual knowledge of the misrepresentations and concealment of the plaintiff Miller but alleges that plaintiff Miller, in practising the misrepresentations and concealment, was acting as a partner of, and therefore on behalf of, the remaining plaintiffs and that the remaining plaintiffs together with the plaintiff Miller have received the payments set forth above.

"Wherefore the defendant demands judgment against the plaintiffs dismissing the complaint herein and that the defendant have judgment against the plaintiffs for One Hundred Fifty-one Thousand Three Hundred Four Dollars and Seventy-five Cents ($151,304.75) and that the defendant have judgment for interest on the amount found to be due to him from the plaintiffs on which the same is found to be due and for costs."

Although the word "fraud" has not been expressly used in the language of the counterclaim, it is, nevertheless, clear that

the defendant's action is based thereon and its right to relief depends, of course, upon its ability to establish that the plaintiffs deceived it into paying sums of money to the plaintiffs by reason of the misrepresentations and concealments contained in the invoices as rendered to it from time to time by the plaintiffs during the year 1946 and the first six months of 1947.

A determination of the question involves the proper interpretation to be given the language employed under Rule 9(b) as indicated.

The plaintiffs suggest that the provisions of the Rule clearly indicate that a detailed recitation of the circumstances constituting the fraud must be alleged. They maintain in the present case that they are entitled to know the precise statements contained in each invoice for the year 1946 and the first six months of 1947, which constitute the alleged misrepresentations and concealments by which the defendant was misled into paying for services allegedly not rendered by plaintiffs to it. They further suggest that the defendant must allege at the outset which officers or directors of the corporation were deceived. Otherwise, they say they are unable to adequately prepare an answer to said counterclaim. Citing *Speed v. Transamerica Corp., D. C. Del.* 1945, 5 *F. R. D.* 56; *Winter v. Pennsylvania R. R. Co.,* (1948) 5 *Terry* 429, 61 *A.* 2d 398; *Miller v. Loft, Inc.,* (1931) 17 *Del. Ch.* 301, 153 *A.* 861; *Fritz v. E. I. DuPont De Nemours & Co.,* (1950) 6 *Terry* 427, 75 *A.* 2d 256.

The defendant contends that a correct interpretation of the rule is to say that, while general allegations of fraud are insufficient, only ultimate facts rather than evidentiary details are required to be pleaded.

If the plaintiffs' interpretation of the language employed under Rule 9(b) is correct, that is, that each item in each invoice complained of in the present case must be set out with punctilious particularity, then the counterclaim is wanting insofar as the allegations are concerned pertaining to the cir-

cumstances constituting the fraud. General allegations of fraud under the rule are insufficient. Necessity demands at all times that sufficient facts be set out to apprise the opposing party what fraudulent acts are charged. The question is: Does the need under the rule transcend the pleading of ultimate facts and include as well the evidence upon which the ultimate facts are based?

Our Rule 9(b) conforms in identical language to Rule 9(b) of the new Federal Rules, 28 U. S. C. A. The Federal District Courts of Delaware and Pennsylvania have construed Rule 9(b) in the light of the plaintiffs' objection. In the case of *Perrott v. U. S. Banking Corp., D. C. Del.* 1944, 53 *F. S.* 953, 957, the complaint alleged that the individual defendants had dominated the corporate defendant by diverting its earnings and assets to themselves and utilizing their positions of trust as officers and directors in fraud of the stockholders. The defendants moved to dismiss the complaint upon the ground that the allegations relating to fraud were not stated with sufficient particularity, and therefore, violated Rule 9(b). Judge Leahy in denying the motion to dismiss stated: "These paragraphs allege breaches of the individual defendants' fiduciary duties toward the corporate defendant. While fraud must be alleged with particularity under Rule 9(b), it is only necessary to allege ultimate facts and not evidence. While these paragraphs do not allege fraud with fine particularity, the omission is not fatal. If defendants are unable to file a responsive pleading, relief is available to them under Rule 12(e); and other rules are available if they cannot properly prepare for trial. See *Levenson v. B. & M. Furniture Co., Inc.,* (2 Cir.) 120 *F.* 2d 1009; and *Best Foods, Inc., v. General Mills, Inc.,* (D. C. Del.) 3 *F. R. D.* 275." See also *Hirshhorn v. Mine Safety Appliance Co.,* (D. C. Pa. 1945) 54 *F. Supp.* 588.

While the paragraphs of the counterclaim do not allege fraud with that degree of particularity as contended for by the plaintiffs, nevertheless, the omission is not fatal under the circumstances of the present case.

█ The essential elements of a fraud case have been pleaded; that is, (1) the making of the representations by the plaintiffs; (2) that the representations were false; (3) that the plaintiffs knew them to be false and made them with intention to deceive the defendant; (4) that the defendant believed the representations to be true and acted in reliance upon them, and (5) that the defendant was damaged thereby.

█ I think it necessary only to allege ultimate facts, and it seems to me that the allegations of the counterclaim contains sufficient ultimate facts to afford fair notice to the plaintiffs of the particular nature and basis of the claim asserted.

The plaintiffs' contention that the defendant must allege in *limine* specifically which of the items detailed in the invoices constitute the misrepresentations and concealments by which the defendant was misled into paying for services allegedly not rendered to it, is tantamount to saying that the evidence upon which the ultimate facts are based must also be pleaded. Such a conclusion would result in destroying the distinction between ultimate facts, which alone must be pleaded, and the evidence and proof upon which these facts are based.

I consider that the allegations in the counterclaim are sufficient under the provisions of Rule 9(b) to withstand all of the objections interposed by the plaintiffs. The plaintiffs' motion to dismiss the counterclaim is denied. In the event the plaintiffs are unable to file a responsive pleading, relief is available to them under Rule 12(e), and other rules are available if they cannot prepare for trial.